Common Pleas Court of Trumbull County.

STATE OF OHIO, EX REL R. W. BURNS V. CHRISTOPHER CLARK, ET AL.

Decided February 21, 1933.

*Warren Thomas,* for relator.
*Samuel P. Mango,* solicitor for the city of Niles, for defendants.

GRIFFITH, J.

R. W. Burns was appointed sanitary policeman and plumbing inspector of the city of Niles, Ohio, on July 21, 1924; his appointment was made from a list of three names, all of whom had theretofore taken a civil service examination and which list was certified as being the three persons eligible for appointment.

Mr. Burns continued in this position until December 15, 1932, at which time the Board of Health removed him without furnishing him any cause, hearing or explanation.

The relator within the statutory time made his appeal from the decision or order of dismissal of the Board of Health to the Civil Service Commission of Niles, the defendant herein, and applied for a hearing; the Civil Service Commission refused to hear his appeal and Mr. Burns now seeks a writ of mandamus commanding the Civil Service Commission to hear and determine his appeal.

The Civil Service Commission has taken the position that it can not review the decision of the Board of Health since it has no jurisdiction over said board or its employees. The sole and only question to be considered

is: Is R. W. Burns under the provision of the civil service law? Until the enactment of the Hughes Act on April 17, 1919, the cities of this state had the right to create their own municipal boards of health, which board was a part of the city government. The legislature had delegated some of its power to the cities but in 1919 the legislature withdrew that power by providing:

"The district Board of Health hereby created shall exercise all the powers and perform all the duties now conferred and imposed by law upon the Board of Health of a municipality."

In other words, the legislature provided general health districts throughout the state retaining in the state an enlarged control over the districts. By the Hughes Griswold Acts the state reserved the power of controlling the matter of the administration of the health laws and abolished the municipal Boards of Health as previously established.

It is quite true that this relator did take the civil service examination, that he passed it with a high grade and was appointed from the eligibility list. However, at that very time it is the opinion of this court that civil service did not apply to this office. Apparently, the board of health of the city of Niles labored under the impression that its health department was a municipal institution but it was not in 1924 when this relator was appointed but instead it was a state health district position. The fact that a city through taxation must pay employees of the district board of health can not make them municipal employees, for a city must pay for its portion of the cost of its health administration.

Section 4404, General Code, as it now stands amended by the Hughes Act reads as follows:

"The council of each city constituting a city health district shall establish a Board of Health."

It further reads:

"The district Board of Health hereby created shall exercise all the powers and perform all the duties now conferred and imposed by law upon the Board of Health of a municipality."

Section 486-1a, General Code, provides:

"The term civil service includes all offices and positions of trust or employment in the service of the state and the counties, cities and city school districts thereof."

There is omitted therefrom the classification of city health districts. The mention of one thing implies the exclusion of another thing.

It follows that the relator is not an employee of the city of Niles and is therefore not under the provisions of the civil service law of the state and that the civil service board of the city of Niles acted within its authority in refusing to hear and determine the appeal of the relator, and for that reason the writ is denied and exceptions are saved to all parties adversely affected by this decision.